**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JEFFREY W. and GERMAINE W. ,**
**as Parents/Guardians/Next Friends of**
**Z.W., a Minor Individual with a Disability,**

    *Plaintiffs*,

v.                                                                                   **Case No. SA-21-CV-0636-JKP**

**SCHERTZ-CIBOLO-UNIVERSAL CITY**
**INDEPENDENT SCHOOL DISTRICT,**

    *Defendant*.

**ORDER TO SEAL ADMINISTRATIVE RECORD**

Before the Court is *Plaintiffs' Unopposed Motion for Leave to File the Administrative Record under Seal* (ECF No. 13). Pursuant to Fed. R. Civ. P. 5.2(d) and W.D. Tex. Civ. R. 5.2, Plaintiffs seek to file the 5,556 page administrative record under seal so as "to preserve the anonymity of the minor child, Z.W., which also serves to ensure that Z.W.'s private personal and educational information remains protected in accordance with the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g), and consistent with the IDEA [(Individuals with Disabilities Education Act)] and corresponding state regulations." Mot. at 2.

Plaintiffs explain that this case "is an appeal of the decision of the Special Education Hearing Officer ("SEHO") in the special education due process hearing, which was assigned TEA Dkt. No. 380-SE-0719." *Id*. at 1. They further explain:

> The special education due process hearing was closed to the public pursuant to the Parent's rights under the IDEA and the Texas Administrative Code, which provide that special education due process hearings shall be closed to the public unless the parent requests that the hearing be open. 34 C.F.R. § 300.512(c), 19 TEX. ADMIN. CODE § 89.1185(i).

*Id*.

"The Court takes very seriously its duty to protect the public's access to judicial records." *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (quoting *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *1 (N.D. Tex. Jan. 31, 2022)). That the instant motion is unopposed has no bearing on whether the Court should seal a particular filing. *See id*. This is so, because the Court must protect the public's right of access even when the parties agree to sealing a document. *See id*.

Nevertheless, the Court recognizes that this type of case lends itself to permitting the filing of the administrative record under seal. Both 34 C.F.R. § 300.512(c) and 19 Tex. Admin. Code § 89.1185(i) provide for a private hearing unless a parent exercises the right to open the hearing to the public. Minors, furthermore, have an interest "in preventing disclosure of [their] educational, academic, mental health, and disciplinary history, to avoid the history following [them] for the rest of [their] academic career and into [their] search for employment." *C.M. ex rel. C.C. v. Warren Indep. Sch. Dist.*, No. 9:16-CV-165, 2017 WL 4479613, at *10 (E.D. Tex. Apr. 18, 2017). And this interest may "outweigh[] the public's interest in inspecting records" in a given case. *See id.*

With respect to the administrative record, the Court finds that the interests of Z.W. outweighs the interests of the public in this case. Accordingly, the Court **GRANTS** *Plaintiffs' Unopposed Motion for Leave to File the Administrative Record under Seal* (ECF No. 13). **The Clerk of Court shall file the administrative record attached to the motion (ECF No. 13-1 to 13-11) under seal.** There is no reason to seal this Order.

Because the parties' briefing will presumably reference the administrative record, the Court directs the parties to W.D. Tex. Civ. R. 5.2. That rule makes "clear that (1) only 'limited circumstances' warrant filing documents under seal, (2) motions to seal 'are disfavored,' (3) parties are expected 'to draft such submissions in a manner that does not disclose confidential information,'

and (4) redaction is urged as a viable alternative." *Trans Tool*, 2022 WL 608945, at *5 (quoting W.D. Tex. Civ. R. 5.2). The Court further notes that, "[p]ublicly available information cannot be sealed." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022). Given the publicly available information within the complaint (ECF No. 1) filed in this action, there may be little or no reason for sealing any forthcoming briefs. Nevertheless, should either party seek to file briefing under seal, the parties should endeavor to comply with W.D. Tex. Civ. R. 5.2 when submitting their briefing. It is the Court's preference that a properly redacted version be publicly filed when an unredacted version is submitted under seal.

**IT is so ORDERED.**

**SIGNED this 13th day of May 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**