UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEFFREY W. and GERMAINE W. ,
as Parents/Guardians/Next Friends of
Z.W., a Minor Individual with a Disability,

    *Plaintiffs*,

v.                                                   Case No. SA-21-CV-0636-JKP

SCHERTZ-CIBOLO-UNIVERSAL CITY
INDEPENDENT SCHOOL DISTRICT,

    *Defendant*.

## ORDER REGARDING MOTION FOR JUDGMENT

Before the Court is *Plaintiffs' Motion for Judgment* (ECF No. 16). Given the circumstances of this case, the Court denies it without awaiting a response from Defendant.

In this case, Plaintiffs appeal a special due process hearing held under the Individuals with Disabilities Education Act ("IDEA"). Defendant has filed its answer and the Court has received the administrative record. Because this is "an action for review on an administrative record," this case is exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(B). Similarly, W. D. Tex. Civ. R. 16(b) exempts such actions from the scheduling order requirements of Fed. R. Civ. P. 16.

Under the IDEA, in an appeal of a special education due process hearing, the Court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Because this case is an appeal of an administrative hearing – the special education due process hearing – the traditional timelines utilized in federal cases are not appropriate. Accordingly, the Court set a briefing schedule for this case on January 5, 2022. *See* ECF No. 12.

The Briefing Schedule set a deadline of May 19, 2022, for Plaintiffs to file their *Appellants' Brief*. Instead, on that date, Plaintiffs filed the instant motion. The Briefing Schedule does not contemplate the filing of a motion or the briefing that naturally follows a motion. The Court instead carefully and precisely set a briefing schedule to timely conduct the administrative review required under the IDEA.

The Court recognizes that courts may consider dispositive motions in IDEA actions. *See, e.g.*, *E. R. ex rel. E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 762 (5th Cir. 2018) (reviewing a summary judgment ruling while voicing no concern about utilizing summary judgment as a vehicle for presenting an IDEA case for review to the district court, yet noting that "a district court's ruling on such motions in IDEA proceedings is not typical for summary-judgment proceedings"); *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 966 (5th Cir. 2016) (recognizing that district court had granted summary judgment); *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 952 (W.D. Tex. 2008) (granting summary judgment but only after undertaking the IDEA administrative review of the record). But the fact that a given procedure is acceptable for presenting a case for administrative review under the IDEA, does not make it the only vehicle for such review.

Indeed, in a similar IDEA action, this Court denied a motion for summary judgment as unnecessary. *See H.W. ex rel. Jennie W. v. Comal Indep. Sch. Dist.*, No. SA-21-CV-0344-JKP, 2021 WL 3134259, at *2 (W.D. Tex. July 23, 2021). It proceeded to consider the IDEA action on the appellate briefs submitted. *See H.W. ex rel. Jennie W. v. Comal Indep. Sch. Dist.*, No. SA-21-CV-0344-JKP, 2021 WL 3887696, at *1 (W.D. Tex. Aug. 31, 2021), *aff'd*, 32 F.4th 454 (5th Cir. 2022). And when the Fifth Circuit affirmed the ultimate decision in that action, it expressed no concern about the procedure utilized. *See H.W. ex rel. Jennie W. v. Comal Indep. Sch. Dist.*, 32

F.4th 454, 459-72 (5th Cir. 2022). Filing a dispositive motion is not needed or warranted when the Court has set a specific briefing schedule in an IDEA action.

While proceeding by motion may properly present the matter for judicial review in some circumstances, the better practice is to treat the case as one for review of the administrative record and any additional evidence accepted by the Court on request of any party. Here, the Court set a briefing schedule for appellate briefs. A party cannot disregard the court order to present a dispositive motion. The parties should instead treat the case as an appeal of an administrative hearing and present their arguments and issues through appellate briefs as directed. After receiving the administrative record and any filed briefs, the Court will conduct the administrative review required under the IDEA. Whether IDEA review is presented through a dispositive motion or some other means, the district courts apply the well-established procedure for reviewing the administrative record and examining any new evidence at the request of any party.

In this case, the parties have informed the Court that neither side requests additional evidence. *See* ECF No. 11. They have provided a sealed certified administrative record. *See* ECF No. 15. The Court has set a briefing schedule. Accordingly, the Court **DENIES** *Plaintiffs' Motion for Judgment* (ECF No. 16) as unnecessary. The Court will consider the motion as the *Appellants' Brief* due from Plaintiffs on May 19, 2022. Defendant's *Appellate Brief* remains due **on or before June 2, 2022**, and any *Reply Brief* remains due **on or before June 16, 2022**, as previously ordered. When conducting the administrative review required by the IDEA, the Court will apply the standard for such review.

**IT is so ORDERED this 20th day of May 2022.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE